# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 16, 2013

Lyle W. Cayce
Clerk

No. 12-50561

HEATHER CLARK; DAVID CLAXTON; DAVID M. COMPTON,

Plaintiffs - Appellants,

v.

WILLIAMSON COUNTY,

Defendant - Appellee.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:10–CV–00869–LY

Before KING, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

This action for unpaid wages involves a dispute over the implementation of the Fluctuating Workweek ("FWW") method for calculating overtime pay. *See* 29 C.F.R. § 778.114. Named plaintiffs Heather Clark, David Claxton, David Compton, and 112 other paramedics (collectively, "Plaintiffs") sued their employer, Williamson County ("the County"), alleging that it violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, by failing to pay them at least one and one-half times their regular rate of pay for overtime hours. The district court entered summary judgment for the County, adopting a magistrate

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-50561

judge's report and recommendation concluding that the County's payment scheme complied with the FLSA under the FWW method. Plaintiffs timely filed a notice of appeal and contend that the County's compensation system was not a valid FWW system.

We review *de novo* the district court's grant of summary judgment. *Am. Int'l Specialty Lines Ins. Co. v. Rentech Steel LLC*, 620 F.3d 558, 562 (5th Cir. 2010) (citing *Am. Int'l Specialty Lines Ins. Co. v. Canal Indem. Co.*, 352 F.3d 254, 259–60 (5th Cir. 2003)). Plaintiffs "bear[] the burden of proving that the [County] failed to properly administer the FWW method." *Samson v. Apollo Res., Inc.*, 242 F.3d 629, 636 (5th Cir. 2001) (citing *Cash v. Conn Appliances, Inc.*, 2 F. Supp. 2d 884, 896 (E.D. Tex. 1997)). The magistrate judge determined that Plaintiffs could not meet this burden. The district court agreed with this decision, concluding that the magistrate judge's "application of the law and legal analysis in support of his conclusions [was] sufficient and appropriate." We agree. After reviewing the briefs and relevant law, examining pertinent portions of the record, and hearing oral argument, we conclude that the County is entitled to summary judgment.

AFFIRMED.